Not For Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 07-33042 (LMW) |
| AARON R. KEATHLEY and MAGDA ZOE KEATHLEY, | ) | CHAPTER | 7 |
| DEBTORS. | ) | | |
| GE MONEY BANK, | ) | ADV. PRO. NO. | 08-3046 (LMW) |
| PLAINTIFF, | ) | DOC. I.D. NO. | 13 |
| vs. | ) | | |
| AARON R. KEATHLEY, | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

Shawn M. Masterson, Esq.                                   Attorney for the Plaintiff
Shechtman Halperin Savage, LLP
800 Village Walk #319
Guilford, CT  06437

Aaron R. Keathley                                                Chapter 7 Debtor (*pro se*)
327 Leetes Island Road
Branford, CT  06405

## BRIEF MEMORANDUM AND ORDER
## DENYING MOTION FOR DEFAULT JUDGMENT

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** this chapter 7 case was commenced by the above-referenced debtor (the "Debtor") by petition filed on December 27, 2007;

**WHEREAS,** this adversary proceeding was commenced on March 21, 2008 by a complaint (A.P. Doc. I.D. No. 1, the "Complaint") filed on March 21, 2008. The Complaint sought a determination that a certain debt allegedly due from the Debtor to the above-referenced plaintiff ("GEMB") in the amount of $4,284.00 plus interest and reasonable counsel fees and costs was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (C);

**WHEREAS,** the Summons was issued on March 25, 2008 and such summons and Complaint was duly served upon the Debtor on March 28, 2008. (*See* A.P. Doc. I.D. Nos. 3, 5.);

**WHEREAS,** the Debtor received a chapter 7 discharge on April 8, 2008. (*See* Case Doc. I.D. No. 38.);

**WHEREAS,** GEMB filed a motion for entry of default on May 8, 2008 which motion was duly served upon the Debtor. (A.P. Doc. I.D. No. 7);

**WHEREAS,** a Clerk's entry of default was entered on June 27, 2008. (*See* A.P. Doc. I.D. No. 11.) Notice of the same was duly served upon the Debtor. (*See* A.P. Doc. I.D. No. 12.);

**WHEREAS,** GEMB filed a Motion for Default Judgment (A.P. Doc. I.D. No. 13, the "D/J Motion") on September 15, 2008. The D/J Motion was duly served on the Debtor. (*See* A.P. Doc. I.D. No. 14.);

**WHEREAS,** the D/J Motion was scheduled for a hearing on October 8, 2008. (*See* A.P. Doc. I.D. No. 15.) Notice of that hearing was duly served on the Debtor and GEMB. (*See* A.P. Doc. I.D. No. 17.);

**WHEREAS,** the hearing on the D/J Motion was held on October 8, 2008. Neither side appeared but the court took the matter "on the papers." (*See* A.P. docket entry of October 8, 2009.);

**WHEREAS,** on October 10, 2008, the court issued an order noting that "the Plaintiff failed to file an affidavit [an "Affidavit"] which establishes a *prima facie* case under 11 U.S.C. § 523(a)(2)" and that the court consequently was "unable to adjudicate the [D/J] Motion." However, the court ordered that "on or before October 24, 2008 the Plaintiff shall file the Affidavit . . . ." (A.P. Doc. I.D. No. 18 at 2.) That order was duly served on the Debtor and GEMB. (*See* A.P. Doc. I.D. No. 19.);

**WHEREAS,** GEMB failed timely to file an Affidavit and on November 5, 2008, an order was entered denying the D/J Motion. (*See* Doc. I.D. No. 20, the "First Denial Order.") The First Denial Order was duly served upon the Debtor and GEMB. (*See* A.P. Doc. I.D. No. 23.);

**WHEREAS,** on November 6, 2008, GEMB filed a Motion To Vacate the First Denial Order. (*See* Doc. I.D. No. 22, the "Motion To Vacate.") Annexed to the Motion To Vacate was an Affidavit. The Motion To Vacate (and Affidavit) were duly served upon the Debtor. (*See id.*);

**WHEREAS,** the Motion To Vacate was scheduled for a hearing on November 26, 2008 and due notice was given to the Debtor of such hearing. (*See* A.P. Doc. I.D. No. 25.);

**WHEREAS,** counsel for GEMB appeared at the hearing on the Motion To Vacate, but the Debtor did not. (*See* Oral Record of 11/26/2008 Hearing at 10:39:50 *et seq.*) Subsequently, the court granted the Motion To Vacate and took the D/J Motion under advisement. (*See* A.P. Doc. I.D. No. 26; *see also* A.P. Doc. I.D. No. 27 (certificate of service of the same on the Debtor).);

**WHEREAS,** Bankruptcy Code Section 523(a) provides in relevant part:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud . . . .

(C)(i) for the purposes of subparagraph (A) –

. . .

(II) cash advances aggregating more than $825 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable [the "Presumption"]; and

(ii) for the purposes of this subparagraph– . . . the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act . . . .

11 U.S.C.A. § 523(a) (West 2009);

**WHEREAS,** a debtor who is named as a defendant in an adversary proceeding always is deemed to have appeared in the proceeding. Accordingly, Rule 55(b)(1) of the Federal Rules of Civil Procedure (made applicable here by Rule 7055 of the Federal Rules of Bankruptcy Procedure) does not apply to such proceedings. *See American Express Centurian Bank v. Truong (In re Truong),* 271 B.R. 738, 741-42 (Bankr. D. Conn. 2002.);[1]

**WHEREAS,** although the defendant has failed to plead, a motion for judgment by default is not granted to the plaintiff as a matter of right. Rather, the court in its discretion may conduct a

---

[1] Rule 55(b)(1) also is inapplicable because this adversary proceeding seeks not just a judgment on a claim for a sum certain but also a determination of nondischargeability. *Cf. Lu v. Liu (In re Liu)*, 282 B.R. 904, 907 (Bankr. C.D. Cal. 2002).

hearing "requir[ing] some proof [from the plaintiff] of the facts that must be established in order to determine [the defendant's] liability."  10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 60-61 (3d ed. 1998).  *See also In re Liu*, 282 B.R. at 907 (The plaintiff must demonstrate a *prima facie* case by competent evidence to obtain a default judgment.).  At the court's discretion, such proof may be made by affidavit.  *See* Fed. R. Civ. P. 43(c) (made applicable here by Fed. R. Bankr. P. 9017).  Further, "where the allegation is one of fraud, it is appropriate that the court [evaluate] . . . the evidence to insure that the drastic remedy of a determination of non-dischargeability is not entered without the presentation of a prima facie case." *United Counties Trust Co. v. Knapp (In re Knapp)*, 137 B.R. 582, 585 (Bankr. D. N.J. 1992). In this case, the Plaintiff must make out a *prima facie* case of nondischargeability under Section 523(a)(2) of the Bankruptcy Code;

> **WHEREAS,** Section 1602(i) of the Consumer Credit Protection Act provides:
>
> The term "open end credit plan" means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance.  A credit plan which is an open end credit plan within the meaning of the preceding sentence is an open end credit plan even if credit information is verified from time to time.

15 U.S.C.A. § 1602(i) (West 2009);

**WHEREAS,** the Affidavit does not make out a *prima facie* case that there is an "open end credit plan" between GEMB and the Debtor.  For example, the Affidavit does not authenticate the operative agreement between the Debtor and GEMB and a copy of such agreement is not attached to the Affidavit.[2]  Accordingly, GEMB has failed to establish that the Presumption applies;

---

[2]     Moreover, the document annexed to the Complaint is illegible.

**WHEREAS,** GEMB otherwise has failed to make out a *prima facie* case under Section 523(a)(2)(A);

**NOW, THEREFORE,** for the reasons set forth above, the D/J Motion shall be and hereby is **DENIED**.

It is So **ORDERED**

Dated: April 7, 2009                                        BY THE COURT

*/s/ Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge